1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JENEITH SHANNON, | Case No.2:14-cv-01714-GMN-PAL |
| Plaintiff, | ORDER |
| v. | (IFP App – Dkt. #1) |
| FREEMAN LAS VEGAS, | |
| Defendant. | |

Plaintiff Jeneith Shannon is proceeding in this action pro se.  Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint.  This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.      In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them.  Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

/ / /

1

1    the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*

2    *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3        Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4    complaint for failure to state a claim upon which relief can be granted.  Review under Rule

5    12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*

6    *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and

7    plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2);

8    *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require

9    detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

10   recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

11   (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled

12   factual allegations contained in the complaint, but the same requirement does not apply to legal

13   conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by

14   conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the

15   complaint have not crossed the line from plausible to conceivable, the complaint should be

16   dismissed.  *Twombly,* 550 U.S. at 570.

17       Plaintiff's complaint attempts to state a claim for violation of Title VII of the Civil Rights

18   Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C.

19   §§ 12101 et seq., against Defendant Freeman Las Vegas.  It alleges Plaintiff was hired as a

20   forklift operator, and on November 14, 2012, John Devon, one of Plaintiff's co-workers told

21   another co-worker, "He was going to run this n----r over," and then Devon intentionally drove

22   the forklift behind Plaintiff, striking her left foot.  Devon allegedly then said, "That n----r ran

23   into forks."

24       Plaintiff is attempting to state a Title VII claim against her employer, alleging a co-

25   worker intentionally injured her because of her race.  Title VII allows a plaintiff to sue an

26   employer for discrimination on the basis of race, color, religion, gender or national origin, but it

27   limits liability to an employer.  *See* 42 U.S.C. § 2000e(b).  An individual cannot be held liable

28   under Title VII.  *See Miller v. Maxwell's Internat'l, Inc.,* 991 F.2d 583, 578 (9th Cir. 1993).

1  However, an employer may be vicariously liable for an employee's conduct that violates Title

2  VII.  *See Vance v. Ball State Univ.,* -- U.S. --, 133 S. Ct. 2434, 2439 (Jun. 24, 2013).  For

3  example, if the harassing/discriminating employee was the victim's co-worker, the employer is

4  liable only if it was negligent in controlling working conditions.  *Id.* (citing *Burlington Ind., Inc.*

5  *v. Ellerth,* 524 U.S. 742, 765 (1998) and *Faragher v. Boca Raton,* 524 U.S. 775, 807 (1998)).  If,

6  however, the harassing/discriminating employee is a supervisor, and the supervisor's conduct

7  results in a "tangible employment action," the employer is strictly liable.  *Id.*  If no tangible

8  employment action results from the supervisor's conduct, the employer may not be liable if it can

9  establish, as an affirmative defense, that: (a) it exercised reasonable care to prevent and correct

10  harassing behavior; and (b) the plaintiff unreasonably failed to take advantage of the corrective

11  or preventative measures the employer provided.  *Id.*

12      The ADA allows individuals who have suffered discrimination because of a disability to

13  sue their employers in federal court for damages and injunctive relief.  42 U.S.C. § 12117(a).

14  Like Title VII, the ADA also limits liability for violations of its provisions to an employer.  *See*

15  42 U.S.C. § 12111(5)(a).  The Ninth Circuit has held that individuals cannot be held liable under

16  the ADA.  *See Walsh v. Nev. HSW Human Re.,* 471 F.3d 1033, 1038 (9th Cir. 2006).  Although it

17  has not applied the same *Ellerth/Faragher* supervisory rule for vicarious liability to claims of

18  disability discrimination, the Ninth Circuit generally applies Title VII discrimination law to

19  claims arising under the ADA.  *See Fallar v. Compuware,* 202 F. Supp. 2d 1067, 1080 (D. Ariz.

20  2002) (citing *Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1093 (9th Cir. 2001)

21  (applying Title VII analysis to ADA claim); *Nunes v. Wal-Mart Stores, Inc.,* 164 F.3d 1243 (9th

22  Cir. 1999) (same)).  Thus, it is likely the supervisory rule would apply to Plaintiff's ADA claims

23  here.

24      Plaintiff's complaint does not allege that John Devon was her supervisor, or that

25  Defendant was negligent in controlling working conditions.  Therefore, the complaint does not a

26  claim against Defendant under Title VII or the ADA.

27      Furthermore, Plaintiff has not alleged that she has exhausted both state and Equal

28  Employment Opportunity Commission ("EEOC") administrative procedures—a prerequisite to

filing a lawsuit in federal court alleging claims under Title VII and/or the ADA.   Once an employee files charges with the EEOC, it investigates the charges, attempts to reach a settlement, and decides whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity.   *Id.*   If the EEOC or Attorney General decides not to sue, and if there is no settlement that is satisfactory to employee, the EEOC will issue the employee a right to sue letter, and she will have exhausted her remedies with the EEOC.   *See* 42 U.S.C. § 2000e-5(f)(1).   An employee may only sue her employer for violation of the ADA or Title VII after she has received a right to sue letter.   *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26 (1990).   Here, Plaintiff has not alleged she has exhausted her administrative remedies, and her complaint will be dismissed with leave to amend.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that in order to state a Title VII discrimination claim, Plaintiff must allege that in order to state a claim for discrimination in violation of Title VII, Plaintiff must allege: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment.   *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).   *See* 42 U.S.C. § 2000e-3(e).   Additionally, in order to state a disability discrimination claim, Plaintiff must allege that (a) she is disabled under the meaning of the ADA (this includes being "regarded as" disabled; (b) she is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) she suffered an adverse action because of her disability.   *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).   Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.   *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.   Plaintiff should support each of her claims with factual allegations, as a "formulaic recitation of the elements" of these claims will not suffice.   *Iqbal*, 556 U.S. at 678.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete.   Local Rule 15-1 requires that an amended complaint be complete in itself

without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1.      Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2.      Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3.      The Clerk of Court shall file the complaint but shall not issue summons.

4.      Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

5.      Plaintiff shall have until **March 2, 2015**, to file her amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6.      Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" below the case number, **2:14-cv-01714-GMN-PAL**, on page 1 in the caption.

/ / /

/ / /

/ / /

/ / /

/ / /

7.      Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 30th day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE